O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MICHAEL GATES, | ) Case No. 2-14-cv-00904-JCx |
|---|---|
| Plaintiff, | ) **ORDER DENYING PLAINTIFF'S** |
| | ) **MOTION TO DISQUALIFY** |
| v. | ) **MAGISTRATE JUDGE** |
| LONNIE D. JACKSON, JR., ET. AL., | ) |
| Defendants. | ) |

This matter comes before the Court on Plaintiff's motion to disqualify Magistrate Judge Chooljian. Based on the materials submitted and the issues raised therein, the court denies the motion and adopts the following Order.

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and in proceedings in which "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a) & (b)(1). The Ninth Circuit has addressed the standard for disqualification under § 455, writing:

> The test under § 455(a) is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." []
> Typically, a judge's partiality must be shown to be based on information from extrajudicial sources, although sometimes, albeit rarely, predispositions developed during the course of a trial will suffice. [] In the instance where the partiality develops during the course of the proceedings, it can be the basis of recusal only when the judge displays a deep-seated and unequivocal antagonism that would render fair judgment impossible.

F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1144-45 (9th Cir. 2001) (citations omitted).

Plaintiff accuses Judge Chooljian of (1) failing to timely rule on Plaintiff's motions while ruling more quickly on Defendants' motions, including, in one instance, within one day; (2) granting an *ex parte* motion improperly; and (3) demonstrating prejudice by recommending a judgment on the pleadings in Defendants' favor that was later reversed by the Ninth Circuit. Further, Plaintiff notes that he never consented to Judge Chooljian's presiding over his case.

That Plaintiff did not, and does not, consent to Judge Chooljian's presiding over his case does not deprive her of authority to preside over his case. Plaintiff's non-consent only impacts Judge Chooljian's ability to order judgment in the case. General Order No. 05-07; 28 U.S.C. §636(c)(3) ("The consent of the parties allows a magistrate judge…to direct the entry of a [final, appealable] judgment."); see also Roell v. Withrow, 538 U.S. 580, 586 (2003). Here, Judge Chooljian did not issue a final, appealable judgment, but rather issued a Report and Recommendation to the undersigned. Dkt 140; Dkt 141. It was

2

this Court's order adopting the Report and Recommendation that Mr. Gates appealed to the Ninth Circuit. Thus, although the court acknowledges Plaintiff's right to refuse to consent to Judge Chooljian's authority to enter a final judgment, such authority was not exercised in this case.

As for the evidence of possible bias, "[a] judge's views on legal issues may not serve as the basis for motions to disqualify." United States v. Conforte, 624 F.2d 869, 882 (9th Cir. 1980); see also United States v. Bauer, 84 F.3d 1549, 1560 (9th Cir. 1996). The proper avenue for Plaintiff to challenge the grant of judgment on the pleadings and the grant of Defendants' *ex parte* motion was to await the District court's ruling, then file an appeal, as Mr. Gates did. Nor did Judge Chooljian fail to timely rule on Plaintiff's motion. motion, Dkt. 98.

For these reasons, there is no reasonable basis to question Judge Chooljian's impartiality. Accordingly, Plaintiff's Motion to Disqualify is DENIED.

**IT IS SO ORDERED.**

Dated: November 17, 2022

_____
Hon. Dean D. Pregerson
U.S. DISTRICT JUDGE

3